IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRACY MAXXIZZINE JONES, | ) | 2:05-cv-1067-GEB-GGH-P |
| | ) | |
| Petitioner, | ) | <u>ORDER</u> |
| | ) | |
| v. | ) | |
| | ) | |
| GLORIA A. HENRY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Respondents move for reconsideration of this Court's October 25, 2006 Order adopting the magistrate judge's findings and recommendations, and denying Respondents' motion to dismiss as untimely Petitioner's amended petition for writ of habeas corpus ("October 25 Order"). (Mot. for Recons. ("Mot.") at 2.) Alternatively, Respondents request that this Court certify for interlocutory appeal the issue of whether Petitioner's habeas petition violates the applicable statute of limitations. (<u>Id.</u>) Petitioner opposes Respondents' motion.

<u>Background</u>

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. (<u>Id.</u>)  Petitioner challenges her 1996 conviction for assault with force likely to produce great bodily injury, for which Petitioner is currently serving a sentence of 25 years to life. (<u>Id.</u>)

On March 21, 2006, Respondents filed a motion to dismiss Petitioner's amended petition, arguing the petition was barred by the statute of limitations since it was filed more than one year after petitioner's conviction became final. (Resp't's Mot. to Dismiss at 6.)  On August 17, 2006, the magistrate judge issued findings and recommendations, finding that the "petition is timely because petitioner is entitled to equitable tolling based on the egregious misconduct [of her attorneys]" and recommending that Respondents' motion to dismiss be denied. (Aug. 17, 2006 Findings & Recommendations ("F&R's"), at 10.)  On October 25, 2006, the findings and recommendations were adopted in full, and Respondents' motion to dismiss was denied. (Oct. 25 Order at 2.)

## Motion for Reconsideration

"[Motions] for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999) (citing <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)); <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Respondents do not contend that there is any newly discovered evidence, or that there has been an intervening change in the controlling law.  Rather, Respondents contend the October 25 Order was erroneous. (Mot. at 15.)

2

According to Respondents, the last day for Petitioner to timely file a petition for writ of habeas corpus in federal court was May 10, 1997, one year after Petitioner's conviction became final. (Id. at 5, citing 28 U.S.C. § 2244(d)(1)(A).)  Respondents contend that this Court should reconsider the October 25 Order because Petitioner's amended petition, which was filed May 31, 2005, "is not timely by virtue of statutory or equitable tolling.  Petitioner has failed to carry her burden of establishing that for over nine years, extraordinary circumstances beyond her control prevented her from timely filing her petition."  (Mot. at 4, 5.)

Petitioner counters that her conviction was not final until May 13, 2002, the date her time to appeal from a re-sentencing hearing expired, and that the Magistrate Judge "properly provided for a period of equitable tolling between that date and the filing of petitioner's federal habeas corpus petition on May 31, 2005."  (Petitioner's Resp. to Mot. ("Resp.") at 2.)

The statute of limitations for filing a federal habeas petition expires one year from the date Petitioner's conviction became final.  28 U.S.C. § 2244(d)(1)(A).  At issue here is when Petitioner's conviction became final, and whether Petitioner is entitled to equitable tolling from that date until the date Petitioner filed her federal habeas petition.

When Petitioner's Conviction Became Final

The magistrate judge determined that Petitioner's conviction became final on May 13, 2002, when Petitioner's time to appeal a re-sentencing decision by a Sacramento County Superior Court judge, after remand from the California Court of Appeal, expired.  (F&R's at 7.)  Respondents agree that petitioner's conviction became final when her

time to appeal expired, but contend the magistrate judge's finding was erroneous because "a California Superior Court order denying a Petitioner's request to strike prior convictions is *not* appealable." (Mot. at 11.)  Respondents argue that the magistrate judge erroneously relied upon the depublished California case of <u>Lewis v. Superior Court</u>, 60 Cal. App. 4th 913 (1998), in making that finding.[1]  (<u>Id.</u>)

Petitioner responds that "[t]he Magistrate [Judge] properly found that petitioner's state court conviction was final when the time for appeal from her re-sentencing hearing expired on May 13, 2002." (Resp. at 3.)  Petitioner contends that because "[t]he trial court's order denying petitioner's motion to strike her prior convictions at her re-sentencing hearing affected her substantial rights[, it] was appealable."  (<u>Id.</u>)  Since "the sentencing judge had the authority to re-sentence petitioner and . . . he made a ruling on petitioner's contested motion to strike her prior convictions . . ., it is irrelevant that petitioner's sentence was not modified."  (<u>Id.</u> at 4.)

Because Respondents have not provided any authority indicating that the Sacramento County Superior Court judge's re-sentencing decision after remand from the California Court of Appeal on a habeas petition was not appealable, they have not established that the portion of the October 25 holding that Petitioner's

---

[1] Respondents suggest that the California Supreme Court's decision to depublish <u>Lewis</u> indicates its disapproval of that opinion.  (Mot. at 11 ("The Supreme Court appropriately determines by selective publication the evolution and scope of the state's decisional law.").)  However, the California Rules of Court make clear that "[a] Supreme Court order to depublish is not an expression of the court's opinion of the correctness of the result of the decision or any law stated in the opinion."  Cal. Rule of Ct. 8.1125(d).

4

1  conviction became final on May 13, 2002 was clearly erroneous.
2  Therefore, that portion of the October 25 Order is upheld.
3         Respondents further contend that "[e]ven assuming the
4  appealability of the Superior Court's denial of Petitioner's request
5  to strike her prior convictions on habeas corpus, under California law
6  the scope of review following a limited remand on appeal is similarly
7  limited to the issue of whether the Superior Court properly refused to
8  exercise its discretion to strike the prior conviction." (Mot. at
9  12.)  Respondents contend that "[t]he appellate court's limited remand
10 precluded Petitioner from directly attacking her underlying
11 conviction.  Even assuming the Superior Court's denial of Petitioner's
12 request to strike her convictions on habeas corpus was appealable, the
13 appeal was limited to the propriety of that denial." (Mot. at 13-14.)
14        Petitioner rejoins that "the argument that the statute of
15 limitations for filing petitioner's federal habeas claims related to a
16 single case expired at different times is unsupported by any
17 authority.  If accepted, such a rule would require petitioners to
18 litigate piecemeal and successive federal habeas corpus petitions,
19 contrary to case and statutory authority." (Resp. at 4-5.)
20        "[A] judgment cannot be considered final as long as a
21 defendant may appeal either the conviction or sentence." United
22 States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000).  Therefore,
23 Petitioner need not attack her underlying conviction, and can instead
24 appeal the sentence. Respondents concede that "the issue of whether
25 the Superior Court properly refused to exercise its discretion to
26 strike the prior conviction" was appealable. (Mot. at 12.)  If
27 Petitioner appealed on that ground, and the appellate court found that
28 the Superior Court improperly refused to exercise its discretion to

strike the prior conviction, Petitioner's sentence could have been changed. Since Respondents have not met their burden of establishing clear error on this point, the finding that Petitioner's conviction became final on May 13, 2002 is upheld.

<u>Whether Petitioner Is Entitled to Equitable Tolling</u>

The one year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) may be equitably tolled if Petitioner can establish: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstances stood in her way. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate when an attorney's egregious misconduct prevented a petitioner from timely filing her petition. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 801-02 (9th Cir. 2003).

Because the magistrate judge found that Petitioner's conviction became final on May 13, 2002, the statute of limitations need only be equitably tolled from that date. The magistrate judge found that (1) the grossly negligent conduct of Richard Dangler, Petitioner's attorney from April 2000 until September 2004, and (2) Petitioner's inability to obtain her files from Dangler until August 2005, entitled Petitioner to equitable tolling during that time. (F&R's at 10.) Although Respondents contend that Petitioner did not diligently pursue her rights between May 13, 2002 and May 31, 2005 (when the petition was filed) (Mot. at 7-11), Respondents have not shown that the findings were clearly erroneous. (F&R's at 10; <u>see also</u> Resp. at 5 ("Petitioner provided more than 40 exhibits demonstrating that she diligently sought appellate and post conviction relief since the date of her original sentencing hearing.").)

6

1        Even if Petitioner's conviction was final as of May 11, 1996
2   (the date Respondents suggest) (Mot. at 5), the magistrate judge found
3   that (1) the grossly negligent conduct of Richard Prantil,
4   Petitioner's attorney from March 12, 1996 until around August 1999,
5   and (2) Petitioner's inability to obtain her files from Prantil,
6   entitled Petitioner to equitable tolling during that time as well.
7   (F&R's at 9.)  Again, Respondents have not shown that the findings
8   were clearly erroneous.  (F&R's at 9; see also Resp. at 5.).
9        Therefore, the portion of the October 25 Order adopting the
10  magistrate judge's findings regarding equitable tolling is upheld, and
11  Respondents' motion for reconsideration is denied.

## Certification for Interlocutory Appeal

13       Respondents also request that this Court "certify the matter
14  of whether Petitioner has violated the statute of limitations for
15  interlocutory review to the Ninth Circuit Court of Appeals." (Mot. at
16  14.)  A non-final order may be certified for interlocutory appeal
17  "[w]hen a district judge [is] of the opinion that such order involves
18  a controlling question of law as to which there is substantial ground
19  for difference of opinion and that an immediate appeal from the order
20  may materially advance the ultimate termination of the litigation."
21  28 U.S.C. § 1292(b).
22       Respondents argue that "[t]he issue of whether Petitioner is
23  entitled to nine years of equitable tolling is [a] dispositive legal
24  question [as to] which there is substantial ground for difference of
25  opinion." (Mot. at 14.)  Additionally, Respondents contend that "an
26  immediate appeal clearly might materially advance the ultimate
27  termination of the litigation." (Id.)
28

Petitioner counters that "controlling Ninth Circuit authority supports the Magistrate's Findings and Recommendations and the judgment of this court[; therefore, t]here is not substantial ground for difference of opinion triggering the need for immediate interlocutory review." (Resp. at 9.) Petitioner also argues that Respondents have not met their burden of demonstrating that exceptional circumstances justify their request for interlocutory review. (Id. at 9-10.)

The Ninth Circuit has admonished that interlocutory appeal under § 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig. (State of Ariz. v. Ideal Basic Indus.), 673 F.2d 1020, 1026 (9th Cir. 1982); see also Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.") (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (internal quotation marks omitted)).

Because the order Respondents seek to have certified for interlocutory appeal involves "a controlling question of law as to which there is substantial ground for difference of opinion," because "an immediate appeal . . . may materially advance the ultimate termination of the litigation," and because "this is an exceptional situation in which allowing an interlocutory appeal would avoid protracted and expensive litigation," Respondents' request for

///

///

1 | certification is granted.  28 U.S.C. § 1292(b); <u>In re Cement Antitrust
2 | Litig.</u>, 673 F.2d at 1026.
3 |             IT IS SO ORDERED.
4 | Dated:  February 9, 2007
5 |
6 |                                  _____
                                     GARLAND E. BURRELL, JR.
7 |                                  United States District Judge
8 |

9