IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY MAXXIZZINE JONES,

    Petitioner,    No. CIV S-05-1067 GEB GGH P

    vs.

GLORIA HENRY, et al.,

    Respondents.    <u>ORDER</u>

_____/

    Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Three Strikes Law, petitioner is serving a sentence of 25 years to life for her 1996 conviction for assault with force likely to produce great bodily injury.

    Pending before the court is petitioner's January 18, 2008, motion to compel. On March 27, 2008, a hearing was held regarding this motion. Stephanie Adraktas appeared on behalf of petitioner. Deputy District Attorney Charles Gonzales appeared to oppose the motion. After reviewing the record, the court orders that petitioner's motion is granted in part.

/////

/////

Background

This action is proceeding on the amended petition filed January 27, 2006. The petition raises the following claims relevant to the pending motion. In claim one, petitioner alleges that her counsel was ineffective in that he incorrectly advised her of the terms of her plea agreement. Petitioner claims that counsel advised her she could enter the following plea agreement with the state: petitioner would plea guilty to a assault, a "wobbler" offense, and admit two prior serious "strike" convictions. In exchange, the prosecutor would dismiss the remaining counts. Petitioner claims that counsel told her that the "wobbler" charge would be sentenced as a misdemeanor or she would be allowed to withdraw her plea.[1]

Petitioner was sentenced by a different judge than the judge who accepted her plea. The sentencing judge denied the defense motion to reduce the charge to a misdemeanor and sentenced her to 25 years to life. Petitioner's counsel did not move to withdraw the plea.

In claim three, petitioner alleges that her counsel was ineffective for failing to adequately investigate or negotiate her case. Petitioner argues that had counsel conducted adequate investigation, he would have discovered that the prosecution had a weak case and advised petitioner not to waive her right to a jury trial.

On September 9, 2007, petitioner filed a motion to discover all notes and files from the Sacramento County District Attorney's Office concerning the nature of the plea bargain offered to petitioner and all documents regarding these proceedings that were provided to her trial counsel by the Sacramento County District Attorney's Office. Following a hearing, on November 14, 2007, the court filed an order granting petitioner's motion for discovery. In this

---

[1] The court remains to be educated on the seeming inconsistency between pleading to a misdemeanor and also admitting strikes. Since Cal. Penal Code § 667 does not apply its provisions to misdemeanor convictions, see People v. Vessell, 36 Cal. App. 4th 285, 42 Cal. Rptr. 2d 241 (1995), what would be the point of admitting the strikes? More to the point, what would be the purposes of fashioning such a plea agreement? However, respondent did not oppose the discovery motion on these legal grounds, and the court will not assess their ultimate significance here.

1 order, the court found good cause to grant petitioner's discovery request.  See Rule 6, Federal
2 Rules Governing Section 2254 Cases.
3 Motion to Compel
4        In the pending motion, petitioner states that she served a subpoena duces tecum on
5 the Sacramento County District Attorney's Office for production of the complete District
6 Attorney case file for petitioner's case.  On December 10, 2007, the Sacramento District
7 Attorney's Office provided petitioner's counsel with those records and a list of documents
8 withheld on grounds of work product privilege.  The pending motion seeks to compel production
9 of the withheld documents.
10        On March 17, 2008, the Sacramento District Attorney's Office filed an opposition
11 to petitioner's motion to compel.  On March 18, 2007, petitioner filed a motion to strike the
12 opposition as untimely.  While the opposition is untimely, the reasons for the untimeliness of the
13 opposition were explained (off the record) at the March 28, 2008, hearing.  In addition,
14 petitioner's counsel was given adequate opportunity to discuss the merits of her reply to the
15 opposition at the hearing.  For these reasons, the motion to strike is denied.
16        The opposition argues that good cause does not exist to allow petitioner to
17 discover the District Attorney's file regarding her case.  This court's previous finding of good
18 cause is law of the case.  See Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th
19 Cir. 1981)(the decisions on legal issues made in a case "should be followed unless there is
20 substantially different evidence . . . new controlling authority, or the prior decision was clearly
21 erroneous and would result in injustice." ).  The court will not revisit this matter.
22        The District Attorney's Office also objects that the at-issue documents are
23 protected by the work product doctrine.  The work product doctrine protects documents and
24 tangible things that have been prepared by or for a party or his representative in anticipation of
25 litigation or for trial.  Fed. R. Civ. P. 26(b)(3).  As codified in rule 26(b)(3), the work product
26 doctrine protects against the disclosure of documents and tangible things "prepared in

anticipation of litigation or for trial by or for another party or by or for that other party's representative..." Work product includes "the so-called 'qualified work product' (facts derived from an attorney's investigation) and the 'absolute' version (the attorney's mental thought processes)." Doubleday v. Ruh, 149 F.R.D. 601, 606, 607 (E.D. Cal. 1993). The party asserting the work-product rule has the burden of establishing, for each document, the rule's application. Green v. Baca, 226 F.R.D. 624, 652 (C.D. Cal. 2005). The protection of the rule is not absolute. When mental impressions are at issue and the need for material protected by the work product rule is compelling, work product may be discovered. Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992).

As discussed at the hearing, petitioner is entitled to discovery regarding her claim that counsel misadvised her regarding the terms of her plea agreement. While petitioner raises a separate claim that counsel failed to adequately investigate her case, her allegations of pre-plea defects are waived. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973); United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that defendants' pre-plea ineffective assistance of counsel issue was waived). Because petitioner pled no contest, she may only attack the voluntary and intelligent character of her plea. Tollett, 411 U.S. at 267, 93 S.Ct. 1602.

At the hearing, petitioner's counsel suggested that the rules set forth in Tollett, supra, and Bohn, supra, apply only to guilty pleas, i.e. claims alleging pre-plea defects are not waived by no contest pleas. This court is aware of no case law supporting this proposition. Such a rule would make no sense as it would place those defendants who pled no contest in a much better position to challenge pre-plea defects for no apparent reason. Accordingly, the court will not allow petitioner to conduct discovery as to her ineffective assistance of counsel claim alleging counsel's ineffectiveness for not adequately investigating her case. Petitioner may only conduct discovery as to her claim that counsel failed to adequately advise her of the terms of her plea agreement.

At the March 27, 2008, hearing, Deputy District Attorney Gonzeles described in more detail the 30 documents identified in the privilege log. Following this description, petitioner's counsel identified 18 documents that she seeks to compel: nos. 1, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 19, 23, 24, 25, 28, 29 and 30. After reviewing these documents, the court has determined that petitioner's need for the following documents is compelling: 1, 7, 8, 9, 16, 17, 19, 23, and 24. The Sacramento County District Attorneys Office is ordered to make copies of these documents and provide them to petitioner's counsel. As discussed at the hearing, these documents are subject to a protective order in that they may be reviewed by petitioner's counsel only and used only in the course of this litigation.

The court has determined that the remaining documents (nos. 11, 12, 13, 14, 15, 25, 28, 29 and 30) are not particularly relevant to petitioner's claim. Document 11 consists of handwritten notes regarding a witness containing no information regarding the decision by the District Attorney's Office to charge petitioner with a misdemeanor or felony, or concerning other terms of the plea bargain. Documents 12-15 and 25, 29-30 are computer generated printouts containing information regarding witnesses that is not relevant to the at-issue claim. Document 28 is an inmate movement history for Renee Vasquez which is also not relevant to the at-issue claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 18, 2008, motion to strike is denied;

2. Petitioner's January 18, 2007, motion to compel is granted as to documents 1, 7, 8, 9, 16, 17, 19, 23, and 24, and denied in all other respects;

3. Within twenty days of the date of this order, the Sacramento County District Attorney's Office shall copy documents 1, 7, 8, 9, 16, 17, 19, 23 and 24 and provide copies to petitioner's counsel; these documents are subject to a protective order in that they may be reviewed by petitioner's counsel only and used only in the course of this litigation;

\\\\\

1        4.  The Clerk of the Court is directed to serve this order on Deputy District Attorney Charles Gonzalez, District Attorney's Office, Sacramento County, 901 G Street, Sacramento, California, 95814; Deputy District Attorney Gonzales shall make arrangements to have the documents picked up from the undersigned's chambers as soon as possible;

        5.  Petitioner is granted sixty days from the date of this order to make a motion for an evidentiary hearing regarding these documents; if no motion is made following this time, the petition will be deemed submitted for decision.

DATED: 04/15/08                    /s/ Gregory G. Hollows
                                   _____
                                   UNITED STATES MAGISTRATE JUDGE

jones.com