IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY MAXXIZZINE JONES,  )
                         )
         Petitioner,     )   2:05-cv-01067-GEB-GGH
                         )
     v.                  )   <u>TENTATIVE RULING ISSUED</u>
                         )   <u>IN ADVANCE OF MARCH 9,</u>
GLORIA A. HENRY,         )   <u>2009 HEARING</u>
                         )
         Respondent.     )
_____)

Petitioner moves to amend the Court's January 23, 2009 Order, in which part of her habeas petition was granted as follows: Petitioner was authorized "to initiate the appeal process in state court by seeking a certificate of probable cause." (Dkt. No. 93, Order at 2:8-9.) Petitioner argues she should be authorized to file an appeal in state court without first having to obtain from the state court a certificate of probable cause authorizing appeal. Petitioner contends otherwise the district judge's ruling would contradict the magistrate judge's findings and recommendations ("F&R"), which were adopted in full by the district judge, since the magistrate judge stated "[P]etitioner should be permitted to initiate the appeal process in state court." (Dkt. No. 90, F&R at 31:24.)

1

However, the magistrate judge also stated Petitioner's ineffective assistance of appellate counsel claim should be granted since Petitioner's counsel "did not file a request for a certificate of probable cause." (Dkt. No. 90, F&R at 25:2.) Even if the magistrate judge's recommendation could be construed to state what Petitioner asserts, that is not what the district judge held in his Order.

Further, Respondent moves to stay the January 23, 2009 Order pending appeal, arguing she will likely succeed on appeal by showing Petitioner's habeas petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and the requisite element of prejudice to support Petitioner's ineffective assistance of appellate counsel claim has not been satisfied.

The factors for determining whether to stay an order pending appeal are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Petitioner counters Respondent is not likely to succeed on her arguments since the district court has already ruled adverse to Respondent's position. Respondent's arguments do not show she is likely succeed on these issues.

Respondent also argues she will be irreparably injured absent a stay since the state court would most likely deny Petitioner's certificate of probable cause, and that denial would moot the issues Respondent intends to appeal. Respondent argues these

issues are "critical" and should be "showcase[d]" to the Ninth Circuit. (Respondent's Mot. at 3:1-2, 3:20-21.) This argument fails to provide persuasive reason justifying a stay.

For the reasons stated, both motions are denied.

Dated: March 5, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge